UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GUNAY MIRIYEVA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>U.S. CITIZENSHIP & IMMIGRATION SERVICES, *et al.*,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-2496 JLS (BGS)<br><br>**ORDER GRANTING DEFENDANTS' APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**<br><br>(ECF No. 9) |

　　　Presently before the Court is the Defendants' Application for an Extension of Time to Respond to the Complaint ("Appl.," ECF No. 9). Plaintiff filed an Opposition to the Application ("Opp'n," ECF No. 10). Defendants filed their application prior to the February 26, 2021 deadline to respond to Plaintiff's Complaint. *See generally* Appl. For the following reasons, the Court **GRANTS** Defendants' Application.

　　　Pursuant to Federal Rule of Civil Procedure 6(b)(1), the Court may grant a motion for extension of time "for good cause . . . if a request is made[] before the original time . . . expires[.]" "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, Rule 6(b)(1) is "liberally construed to effectuate

the general purpose of seeing that cases are tried on their merits." *Id.* at 1258–59 (citations omitted). As a result, requests for extensions of time that are determined under the good cause standard should "normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Defendants request a 30-day extension to respond to Plaintiff's Complaint because "[t]he complexity and number of allegations and claims for relief contained in the Complaint require additional time to review." Appl. at 3. Plaintiff's Complaint, which includes 17 exhibits, totals 180 pages. *See* Complaint, ECF No. 1. Plaintiff does not oppose the Court granting Defendants a 14-day extension, but opposes Defendants' requested 30-day extension. *See* Opp'n at 1–2. Plaintiff argues that "[t]he DOJ office wherein defense counsel works . . . has been deeply involved . . . in prior lawsuits in several courts over the last several years involving the same issues that appear in this case." Opp'n at 2. Plaintiff claims that "Defendants will undoubtedly respond to the complaint in this case by filing a motion to dismiss that will be substantially the same as the motions to dismiss Defendants have filed elsewhere." *Id.* at 3.

The Court does not find that Defendants' request is made in bad faith, and Plaintiff has failed to articulate how the requested extension will prejudice her beyond Plaintiff lacking "the security that comes with lawful permanent residence status." *Id.* at 5.

Accordingly, the Court **GRANTS** Defendants' Application for an Extension of Time to Respond to Plaintiff's Complaint. Defendants must file their response to Plaintiff's Complaint <u>on or before March 29, 2021</u>.

**IT IS SO ORDERED.**

Dated: February 26, 2021

Hon. Janis L. Sammartino
United States District Judge